LEVI MADOX v. JAMES HUMPHRIES.

Where a lessor wrongfully sues to evict and enjoin the lessee from further use of the premises, a cause of action accrues to the lessee, for a breach of contract, from the service of the injunction; and the statute of limitations commences to run against him from that time, and not from the commencement of the suit by the lessor.

If, by the contract, the lessee was entitled to the use of the premises for six years, in consideration of such improvements as he might make upon them, his right of action for a breach of the contract, could not be effected by proof that their use for two years, during which he was in possession, was worth as much as the improvements.

APPEAL from Gaudalupe.    Tried below before the Hon. Alexander W. Terrell.

This was a suit by Levi Madox, against James Humphries, for the breach of a contract for the lease of land.

It appeared, from the statement of the facts and matters involved in this cause, (agreed upon by the parties, in place of a transcript of the proceedings had therein in the District Court,) that the defendant, Humphries, owned a tract of unimproved land, which he agreed the plaintiff might go upon, and put such improvements thereon as he should see proper; and, in consideration of such improvements, that the plaintiff should have the use of the land for six years next after the 1st of February, 1855, free of rent.    In pursuance of this agreement, the plaintiff entered upon the land, and made improvements upon it, of the value of $700.    On the 22d of December, 1856, the defendant instituted a suit against the plaintiff, to evict him from the possession of the land, and obtained a writ to enjoin him from its further use.    The citation to answer the suit, and the writ of injunction, were served on the plaintiff, on the 17th of January, 1857.

The plaintiff gave up the premises immediately, and made no defence to the suit, which was afterwards dismissed at his costs; and, on the 10th of January, 1859, he instituted the present suit, setting forth the contract aforesaid, his part performance, the

breach by the defendant, as above stated, and claimed compensation in damages, for the value of his improvements.

Upon the trial, after proof of the above facts, and that the plaintiff occupied the premises under the agreement, for about two years, the defendant proved that the use and occupation of the premises for two years were worth as much as the improvements made on them by the plaintiff.

The judge instructed the jury, that the plaintiff's cause of action, under the contract, accrued at the date of the institution of the suit, by the defendant, against him; and that, if more than two years had elapsed from that time, until the commencement of this suit, the plaintiff's right to recover, was lost by limitation.

There was a verdict and judgment in favor of the defendant, from which the plaintiff appealed.

*C. Reich,* for the appellant.

*John Ireland,* for the appellee.

WHEELER, C. J.—We are of opinion, that the court erred in instructing the jury, that the plaintiff's cause of action accrued, and the statute of limitations commenced to run against him, from the commencement of the former suit, the 22d of December, 1856.

The filing of the petition, was the commencement of the suit, but it gave the defendant therein, no cause of action. It was not a breach of the contract, nor was this plaintiff deprived of any of its benefits, by the filing of the petition in that suit. He was still free to proceed in the performance of the contract, and the enjoyment of all the benefits which it conferred, until the service upon him of the writ of injunction. Suppose, that before service of the process, the suit had been dismissed; would it be contended, that the merely having filed the petition, would give the party named as defendant therein, a cause of action? Certainly not. The service of the injunction, was a breach of

the contract, because it prevented the defendant from further performance, or deriving any further benefit from his contract, as effectually, as if he had then been evicted. Then, (on the 17th of January, 1857,) but not before, the cause of action accrued, and the statute of limitations commenced to run.

The plaintiff's right of action, is not affected, by proof that the value of the use of the premises for two years, was worth as much as the improvements. The compensation to be received for the improvements, was settled by the contract of the parties. The judgment is reversed, and the cause remanded.

Reversed and remanded.